60 N.J. Super. 169 (1960)
158 A.2d 536
PAUL VOHTA, PETITIONER-RESPONDENT,
v.
BOGUE ELECTRIC MANUFACTURING COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1960.
Decided February 23, 1960.
*171 Before Judges CONFORD, FREUND and HANEMAN.
Mr. Isidor Kalisch argued the cause for respondent-appellant.
Mr. Louis Schwartz argued the cause for petitioner-respondent (Mr. Isadore Smith and Mr. Sol Schwartz, attorneys).
PER CURIAM.
This is an appeal from a judgment of the Passaic County Court affirming an award of 35% of total permanent disability allowed by the Division of Workmen's Compensation on petitioner's compensation claim by reason of a pathological lung and chest condition caused or aggravated by his employment with the respondent.
The evidence is well collated and analyzed in the opinion of Passaic County Judge Nadell, which we incorporate *172 in this opinion as though fully set forth herein. We have read and considered the testimony in full and are in agreement with the lower tribunals that the work which petitioner did in his employment with respondent was causally related to the degree of the emphysema and associated abnormal conditions which existed when that employment terminated and, consequently, to the physical disability then existing. Our findings and conclusions are essentially the same as those stated in Judge Nadell's opinion, as supplemented herein.
Respondent has placed great stress on comparison of X-rays made of petitioner between 1952 and 1956 and later physical examinations of petitioner by physicians produced by respondent, purporting thereby to establish no change in his condition during that period. In respect to this argument we observe, in addition to what was said by the County Court, that there was credible medical expert testimony that X-rays taken at different times do not necessarily reflect or negative the progression of a disease; that these must be weighed along with a comparison of clinical and other probative indicia of the condition of the subject during the period of comparison in order to make a reliable determination as to whether there has been progression, and as to its extent, if any.
Respondent argues the Deputy Commissioner improperly restricted a hospital record as evidence by eliminating history therefrom showing a previous condition. This was not objected to at the hearing and therefore is not a proper point of objection now. It does not seem to have been raised before the County Court either. If the action was erroneous, which may be doubted, see Gilligan v. International Paper Co., 24 N.J. 230, 238 (1957); Clayton v. Jersey Central Power & Light Co., 19 N.J. Super. 546, 555 (App. Div. 1952), certification denied 10 N.J. 314 (1952), we find it not prejudicial on the case as a whole, since somewhat the same information came into the case elsewhere.
*173 Respondent's present objections to hypothetical questions addressed to Dr. Selikoff and Dr. Samostie were also not the subject of objections at the trial. Were these questions totally without evidential basis, and the resulting deficiency in the medical opinions submitted materially prejudicial on the case as a whole, appellate relief might be warranted notwithstanding the lack of objection at the hearing. See Zaklukiewicz v. Western Electric Co., 16 N.J. Super. 189, 197 (App. Div. 1951). This is not the case here. Such variances, if any, as exist between the questions and any facts in evidence reasonably necessary for inclusion therein are not in our opinion materially prejudicial or destructive of the conclusions of the witnesses as to causal relationship.
The argument that the petition was not filed within time, under N.J.S.A. 34:15-34, is without merit. Even if, as argued by respondent, the injurious exposure ceased in the spring of 1954, rather than December of that year, the petition was within time, having been filed in January 1956, which is less than two years after the cessation of the injurious exposure.
It is contended, purportedly by respondent, that the lower tribunals should have determined that if there was a permanent disability caused or contributed to by this employment, it commenced in March 1954, when petitioner was transferred from the second to the third of the three rooms in which he was successively stationed over the period of his employment, rather than in December 1954, when he was finally laid off as too ill to work. The contention poses a doubtful factual proposition. Soldering took place even in the third room. Moreover, termination of injurious exposure and commencement of disability are not necessarily the same. Counsel for the respondent frankly admits he is making this contention in the interest of N.J. Manufacturers Casualty Ins. Co., represented to us as being the compensation carrier for respondent no further back than July 1954, the point being that if disability is established as having *174 begun in March 1954 the responsible carrier would not be that company, but rather the insurance company previously on the risk, which is not a party to this proceeding. We do not deem the making of such a determination appropriate in the absence of the other company as a party and an opportunity for it to be heard as to a matter in which its interest is so obvious. Petitioner is not claimed or shown to have violated the statute in not making the other company a party. N.J. Manufacturers could have intervened eo nomine in the proceedings and petitioned to make the other company a party for the purpose now pressed. It did not do so. As between petitioner and respondent, in propria persona, it makes no difference, so far as any other point argued on this appeal is concerned, whether the disability commenced in March or December of 1954. The findings and judgment will not be disturbed in this respect.
It is finally contended that the testimony does not support an award of 35% of total. We are satisfied from the transcript that it does.
Affirmed.